Pearson, C. J.
 

 Where the purchase money of land is not paid in full, and the title remains in the vendor as a security, it is settled that the vendee, or his assignee, has not such an equitable estate as is liable to be sold under an execution by force of the statute, because it is a
 
 mixed
 
 trust, and the vendor holds the legal estate in trust to secure himself, and then,
 
 *432
 
 in trust for the vendee, so that the purchaser at execution sale could not have the legal estate consistently with the right of the vendor to hold it as a security- If, therefore, Lewis J ustice had been passive in respect to the execution sale, his equity to have a title upon the payment of the balance of the purchase money, would not have been affected by it, and the plaintiff, as his assignee would have been entitled to the relief which the bill seeks to enforce.
 

 But, he was not passive in respect to it; on the contrary, in order to show how it happened that after the plaintiff had assigned his bid at the sheriff’s sale to Benjamin Justice, Lewis Justice was induced to assign his interest in the land to the plaintiff, he alleges in his bill, that “inasmuch as he had been induced to make the purchase at the
 
 instance
 
 and
 
 request of the said Lewis Justice,
 
 in pursuance of which he advanced money for his benefit, he, the defendant Lewis agreed by parol to assign to your orator, all the interest which he had in the premises, and, in pursuance thereof, afterwards assigned the bonds for title,” &c.
 

 So, the question is, can the plaintiff, who stands in the shoes of Lewis Justice, on any principle of
 
 “justice"
 
 and fair dealing, call for a specific performance of the original contract, made by the defendant Carroll? We have this case: Lewis Justice induces the plaintiff to buy his interest in the land which was exposed to sale under an execution, the plaintiff, for valuable consideration, assigns his bid to Benjamin Justice, who sells to Carroll, the original owner, and he sells to Del-linger for a full price, and executes to him a deed, all the parties being then under the impression that the sale by
 
 the
 
 sheriff to the plaintiff, and the transfer of his bid to Benjamin Justice, and the assignment by him to Carroll had extinguished 'the equity of Lewis Justice, and put it in the power of Carroll to make a title discharged from all equities growing out of the prior dealings in respect to the land. But it is discovered that the interest of Lewis Justice was not liable to execution sale, and, thereupon, he assigns his interest to the plaintiff.
 

 
 *433
 
 Now, although, according to the moral perception of
 
 Dmid
 
 Justice, the plaintiff, he may snpose that he is at liberty to call for a specific performance of the original contract, and to compel Dellinger, who is an innocent purchaser, at a fair price, to convey the title to him, yet, it is manifest, from the bare statement, that
 
 common
 
 justice and good conscience, alike forbid, either Lewis Justice, whose debts were paid, by reason of his inducing David Justice to become the purchaser at execution sale, or David Justice, who transferred his bid at an advance of two dollars to Benjamin Justice, to take advantage of the fact that the interest of Lewis was not the subject of sale, under execution. The request of Lewis, that David should buy his interest, and the fact, that by reason thereof, his debts, to the amount of the value of the interest to which he was entitled in the land, were discharged, makes it iniquitous that he or David, who got clear of his bid at a small advance, should, afterwards, combine and confederate in order to deprive a
 
 Iona ficlc
 
 purchaser of the title. So, according to the plaintiff’s own showing, he has no standing-place in a Court of Equity.
 

 Pee Cueiam, The bill dismissed with costs.