## WARD v. GAY.

### (Filed February 21, 1905).

*Contract Concerning Realty—Alteration—Parol Evidence—Description.*

1. A contract conveying standing timber is a contract concerning realty, its terms must be in writing and they cannot be altered or added to by parol evidence.

2. If upon applying a deed to the land, it is found to be ambiguous, parol evidence of the surrounding circumstances and of the acts of the parties is competent to aid in the interpretation of the deed and to enable the Court to ascertain what was the intention of the parties in the words they have used.

3. The descriptive words in a contract conveying timber, "All the pine, poplar, and cypress trees now standing and growing on in the swamp on the following lands," etc., while sufficient to pass the property and permit parol testimony in order to aid in their interpretation, are so indefinite as to require the aid of such testimony to ascertain and declare their true meaning, and it must be left to the jury to determine on all the pertinent facts and circumstances whether the timber in dispute was included in the descriptive terms, and it was error in the trial Judge to instruct the jury that the timber growing on an island in the swamp did not pass under the contract.

ACTION by A. J. Ward against John L. Gay, heard by *Judge E. B. Jones,* and a jury, at Fall Term, 1904, of the Superior Court of GATES County.

On the 7th of April, 1900, the plaintiff, by writing sealed and delivered, conveyed to the defendant all the timber trees standing and growing in a certain swamp "down to and upwards of twelve inches across the stump." This swamp contained about fifty acres, and within the boundary of the swamp was an island from one and one-half to four acres, on which, and above high-water mark, were growing trees of the above dimensions, sufficient to make from 19,000 to 21,000

feet of lumber. The defendant, claiming to act under this deed, cut the timber growing in the swamp, including that growing on the island above high-water mark, and appropriated the proceeds to his own use. Plaintiff then instituted the present action and filed his complaint, alleging that it was not the contract between the parties that the timber on the island growing above high-water mark should pass, and that the clause excepting such portion of the timber was omitted from the deed by mistake; second, that in any event the portion of the timber on the island above high-water mark was wrongfully cut and carried away by the defendant, because, by the terms of the deed, as it stood, this portion of the timber was excepted. The defendant, admitting the conveyance, denied the allegation of mistake and claimed the right under the contract to cut all the timber within the swamp, including the timber on the island.

On the pleadings three issues were submitted to the jury: 1. Was the provision excepting the trees on the ridges omitted by mutual mistake of the parties, or by mistake of the draughtsman? 2. Did defendant wrongfully cut timber from lands of plaintiff not included in the contract? 3. If so, what damage has plaintiff sustained?

Both parties introduced evidence, and under the charge of the Court the jury, as appears from the record, responded to the first issue "No," and to the second "Yes," and to the third, "$57."

The defendant excepted to the charge of the Court on the second issue and moved for a new trial for the alleged error. Motion was overruled, the defendant again excepting. There was judgment on the verdict for the plaintiff and the defendant appealed.

*W. M. Bond,* for the plaintiff.
*L. L. Smith,* for the defendant.

HOKE, J., after stating the case. The descriptive words of the instrument are as follows: "All the pine, poplar and cypress trees now standing and growing on in the swamp on the following lands, situated in Mintonsville Township, Gates County, State of North Carolina, and known as a part of the Jordan lands in the swamp bounded by the lands of Leander Howard and Elijah Modlin, leading from said A. J. Ward's grist-mill to Old Town on Cathron Creek, and others, and containing fifty acres, more or less." The jury, having answered the first issue "No," and thereby found that there was no mistake in the deed, the question of the defendant's liability was made to turn on the instrument as now written. In that aspect of the case, and in his charge to the jury on the second issue, the Court instructed them that "the timber growing on the island above high-water mark did not pass under the contract, and that the defendant would be liable for timber cut unless it was agreed between the parties that the timber on the island was to be included under the contract," and to this instruction the defendant excepted.

In this charge, as we understand it, the Court instructed the jury that by the terms of the instrument, as now expressed, the timber on the island above high-water mark would not pass to the defendant, and that if such timber did pass, it must do so by an agreement to that effect between the parties not now contained in the written agreement, and in this we think there was error to the prejudice of the defendant which entitles him to a new trial. Where parties have reduced their contract to writing, and the instrument contains their entire agreement, it is not permissible for them to alter or add to same by parol testimony of cotemporaneous expressions or alleged cotemporaneous agreements which change or conflict with their written agreement.

Where the written terms contained in the contract are sufficient to pass the property, but are ambiguous or indefi-

nite, then parol evidence of the expressions of the parties and attendant facts and circumstances may be heard to aid in ascertaining the correct meaning of the terms used, but not to alter or add to what has been written.

In the present case the verdict of the jury finds in response to the first issue that there was no mistake in the terms of the contract. Apart from this, the contract itself, conveying as it does the timber standing and growing on the ground, is a contract concerning realty, its terms are required to be in writing and it was not permissible to alter or add to these terms by parol evidence.

This doctrine on contracts concerning realty is very clearly expressed in the case of *Miles v. Barrows,* 122 Mass., 581. In this case the Court said: "A conveyance of land can only be by deed, and parol evidence is not admissible to control or vary a deed. If the description in it is certain and unambiguous it is not competent to prove that the parties had any intention different from that expressed. But if upon applying the deed to the land it is found to be ambiguous, parol evidence of the surrounding circumstances and of the acts of the parties is competent to aid in the interpretation of the deed, and to enable the Court to ascertain what was the intention of the parties in the words they have used."

An interesting discussion of the general question will be found in the opinion of *Mr. Justice Walker* in the case of *Cobb v. Clegg,* 137 N. C., 153.

Again, the descriptive words, "All the pine, poplar, cypress trees," etc., as set out in the beginning of this opinion, while sufficient to pass the property and permit parol testimony in order to aid in their interpretation, are at the same time so indefinite as to require the aid of such testimony in order to ascertain and declare their true meaning. They are ambiguous and uncertain and present a case for the jury to determine what the deed conveys after hearing all the pertinent

facts and attendant circumstances. *Rowe v. Lumber Co.,* 133 N. C., 433; *Brooks v. Britt,* 15 N. C., 482.

Similar decisions on ambiguous terms of like import will be found in *Sargent v. Adams,* 3 Gray, 72 (Mass.); s. c., 63 Am. Dec., 718; also in *Doolittle v. Blakesley,* 4 Day (Conn.), 265; s. c., 4 Am. Dec., 218.

In telling the jury that the timber growing on the island did not pass under the contract, his Honor withdrew from the jury the very question they should have been required to determine.

There will be a new trial on all the issues arising on the pleadings, with the words "not included in the contract" eliminated from the second issue, and in case it is again found that there was no mistake in the deed, and the question of the defendant's responsibility is again submitted on the contract as now written, it must be left to the jury to determine on all the pertinent facts and circumstances whether the timber in dispute was included in the descriptive terms of the deed.

New Trial.