M. S. TREMAINE v. JOHN W. WILLIAMS.

(Filed 12 March, 1907).

1. **Deeds — Conveyances — Standing Trees—Sufficiency.** — Standing trees are a part of the realty, and a conveyance of title thereto has to be sufficient to convey realty; and a contract for cutting timber, without the proper words of conveyance and a sufficiently definite description of the land upon which the same is standing, is void against purchasers for value under a sufficient deed subsequently registered.

2. **Deeds—Registration—Possession—Notice—Statute.** — Purchasers for value under a sufficient and registered deed are not affected with notice by the possession of those under a prior deed if invalid or registered upon an invalid probate. No notice, however full or formal, can supply the notice by registration required by the statute.

3. **Admission of Title—Contract with Grantor—Personal Covenant.** An admission by the defendant in his answer that the title to the timber passed to the plaintiff, estops the defendant from asserting the right to cut it under a contract previously made by him with the grantor, such being a personal covenant, and not one running with the land.

CIVIL ACTION, brought in the Superior Court of DUPLIN County to recover damages of the defendant for cutting trees. On 23 October, 1906, plaintiff obtained an order restraining defendant from cutting the trees into timber upon the land in question. A motion was made by plaintiff before *Jones, J.,* at chambers in Kenansville, on 23 October, 1906, to continue the order to the final hearing, and from the judgment of his Honor the defendant appealed. The pertinent facts are stated in the opinion.

*Stevens, Beasley & Weeks* for plaintiff.
*H. D. Williams* and *Murray Allen* for defendant.

CLARK, C. J. The plaintiff's grantor, James M. Williams, and the defendant entered into the following contract 20 April, 1905:

"I, James M. Williams, have agreed to let John W. Williams put a steam-mill on my land near Hallsville, Duplin County, N. C., and John W. Williams is to pay me one dollar and fifty cents per thousand for pine timber, the same to be measured at the mill by the Doyle rule as it is delivered there before any is sawed; and John W. Williams may keep said mill there for twelve months, with privileges of five years, provided he pays for the timber as cut, at no time to have on hand over thirty thousand feet of pine timber unpaid for. And J. W. Williams is to pay for cypress logs two dollars per thousand and shall not keep on hand more than twenty thousand feet unpaid for at any time, and what is held unpaid for shall be subject to the debt for the price agreed upon, and said James M. Williams may sell the same within sixty days from the time of measurement if J. W. Williams fails to pay for it. The undersigned parties to contract do agree to above conditions.

"JAMES M. WILLIAMS,
"J. W. WILLIAMS."

This agreement, duly probated, was recorded in the office of Register of Deeds for Duplin County, 15 January, 1906. On 18 January, 1906, said James M. Williams and others executed to the plaintiff a deed for the timber upon two tracts of land described therein, one for several tracts combined into one tract of 753 acres, the other 97 9-10 acres, all lying in Duplin County, which deed was recorded 20 January, 1906. The complaint alleges that the defendant is wrongfully cutting timber on aforesaid premises, and asks for damages and a restraining order. The answer admits that the plaintiff is owner of the timber on the land described in his deed, and that the defendant is cutting it, but avers that under the above agreement with one of plaintiff's grantors, J. M. Williams, the defendant is entitled to cut the

timber, paying plaintiff therefor at the rate specified in the agreement between defendant and said J. M. Williams. There were contradictory affidavits whether or not plaintiff had notice of said agreement between Williams and the defendant when he took his deed. The order of the Court allowed the defendant to saw up all the logs on hand severed from the land and remove the timber, but enjoined. the cutting of any more logs, to the hearing. The defendant appealed.

Standing trees are a part of the realty, and can be conveyed only by such an instrument as is sufficient to convey any other realty. *Ward v. Gay,* 137 N. C., 399; *Drake v. Howell,* 133 N. C., 165; *Green v. Railroad,* 73 N. C., 524; *Mizell v. Burnett,* 49 N. C, 249; *s. c.,* 69 Am. Dec., 744. The agreement between J. M. Williams and defendant is not sufficient to convey the timber. It contains no operative words, or words of conveyance. This defect is fatal, and as to realty cannot be helped out by parol (*Ward v. Gay, supra*), nor by the prior registration of the defective instrument. When the grantee in a conveyance of realty has it recorded, his title cannot be affected by any notice of a prior unrecorded conveyance (if there had been such), nor by notice that another is in possession with claim of title. Revisal, sec. 980. "No notice to purchaser, however full and formal, will supply the place of registration." *Quinnerly v. Quinnerly,* 114 N. C., 145. Of course, if the instrument recorded is not a conveyance, there has been no prior registration of a conveyance.

Even if the agreement between Williams and defendant had contained words of conveyance, it was void for lack of description of the tract upon which the timber stood. There was no offer to show that Williams owned only one tract, or that the timber was on the tract where the engine stood.

On the contrary, it was alleged and admitted that there were several tracts. The answer having admitted the ownership of the timber by plaintiff under his deed from J. M. Williams, we cannot understand how the defendant can assert any right to cut it by virtue of his agreement with J. M. Williams.

The title to the timber in the plaintiff being admitted, the agreement is merely a personal covenant. It is certainly not a covenant running with the lands, which, besides, is not claimed to have passed to the defendant.

It is not controverted that the money for the logs already sawed, and for logs on hand which the defendant is permitted to saw up, is to be paid to plaintiff at the price named in the contract with Williams. The order restraining the defendant from cutting any more trees embraced in the conveyance to the plaintiff is

Affirmed.