## L. T. BYRD ET AL. *v.* J. A. SEXTON.

### (Filed 19 March, 1913.)

**1. Deeds and Conveyances—Description of Lands—Parol Evidence.**

In an action to recover damages of a grantee for wrongfully cutting timber, it appeared that the deed to the timber in question described the lands on which the timber was situated as follows: "All the timber of the size and kind hereinafter named" on the tract of land in a certain named township and county, adjoining the lands of T., L.'s estate, and others, and being the tract upon which the grantor then resided, containing a stated number of acres: *Held,* the land is sufficiently described to admit of parol evidence to fit the land to the description.

**2. Same—Standing Timber—Size Not Specified—Interpretation of Deeds.**

Where a conveyance of timber on certain described lands fails to state the size of the trees to be cut therefrom, it passes title, in the quantity specified, to all the timber trees growing upon the land or lying thereon in their natural state which are capable of being sawed into merchantable lumber by the mills and methods usually employed by sawmill men in that vicinity.

**3. Deeds and Conveyances—Standing Timber—Time for Cutting and Removing Timber—Extension Privilege—Intent—Interpretation of Deeds.**

Where a conveyance of standing timber on described lands provides that the grantee "shall have four years from the date of the deed to commence cutting and removing the timber, and in case the same is not commenced within that time" the conveyance and all the provisions and agreements for paying for said timber to be void, the quantity sold being 100,000 feet, with the privilege to the grantee of cutting the same amount, at the same price, in addition, which privilege was exercised and the

terms of payment complied with: *Held*, from the intent gathered from the entire instrument, the grantee therein had four years from its date in which to enter upon the land and commence cutting, and having commenced cutting within that period, and given notice of his election to take the additional 100,000 feet and tendered the money within the time, he must be allowed, after the four years, the reasonable time required to continue and complete the cutting of the amount stipulated for in his deed.

APPEAL from *Ferguson, J.,* at November Term, 1912, of HARNETT.

Civil action to recover damages for wrongfully cutting trees on the lands of plaintiff. Plaintiffs, as heirs at law of L. W. Byrd, deceased, sued defendant, alleging a wrongful cutting of timber on the land under a timber deed from L. W. Byrd, bearing date 13 November, 1905. Defendant denied any cutting in excess of the rights and interests conveyed to him under the deed. The jury rendered the following verdict:

First. Did the plaintiff's ancestor, L. W. Byrd, on or about 13 November, 1905, sell to the defendant, J. A. Sexton, 100,000 feet of timber to be cut on the land described in the complaint and answer, at the price of $2 per thousand feet, with the privilege of cutting an additional 100,000 feet upon the same terms, as alleged in the answer? Answer: "Yes."

Second. Did the defendant wrongfully and unlawfully enter upon the lands mentioned in the complaint and answer? Answer: "No."

Third. Did the defendant wrongfully cut and carry away from said land any timber after the death of L. W. Byrd? Answer: "No."

Fourth. How many feet of timber has the defendant wrongfully cut and removed from said land? Answer: "None."

Fifth. If so, what are the plaintiffs entitled to recover therefor? Answer: "Nothing."

Judgment for defendant, and plaintiff excepted and appealed.

*W. P. Byrd, E. F. Young, and R. L. Godwin for plaintiff.*

*D. H. McLean & Son and Clifford & Townsend for defendant.*

HOKE, J.   The evidence tended to show that on 13 November, 1905, L. W. Byrd, deceased, under whom plaintiffs claim, conveyed to defendant by written deed, duly executed, "all the timber of the size and kind hereinafter named" on the tract of land in Lillington Township, Harnett County, N. C., adjoining the lands of Florence Truelove, E. J. Lilly's estate, and others, and being the "tract of land on which I now reside, containing about 240 acres," together with the full right and privilege for and during the term of four years from date of conveyance, in person or through their agents or servants, to enter upon said land and pass and repass over same, to cut and remove said timber, construct and operate tramways, etc., deemed necessary for the purpose for cutting or removing the timber hereby conveyed, and to operate and use same as long as said parties may desire, etc.   The payment for said timber to be as follows: $50 down, $50 when cutting is commenced, and $100 more when 100,000 feet are cut; and the party sells and confers upon the party of the second part the privilege of cutting an additional 100,000 feet at the same price, etc.   The deed closing with the following provision: "It is understood and agreed by said party of the first part that the said party of the second part, his heirs and assigns, shall have four years from the date of this conveyance to commence the cutting and removing of said timber, and in case the same is not commenced within that time, then this conveyance and all provisions and agreements for payment for said timber are to be null and void."

There was evidence on part of defendant tending to show that the land on which the timber was cut was the same land referred to and described in the deed.   That defendant had entered and cut the first 100,000 feet within the four years, and within that time also had notified the owners that he elected to take the second 100,000 feet at the contract price and had offered to pay the same to the executors and heirs at law of his grantor, L. W. Byrd.

On the part of the plaintiff, it was proved that there were five or six hundred thousand feet of pine lumber on the land and large quantities of gum, oak, poplar, etc.

Upon this, the evidence chiefly relevant to the questions presented, it was objected for plaintiff: (1) That the deed under which defendant claimed was void by reason of insufficient description of the land. (2) By reason of vague and insufficient description of the timber. (3) By reason of conflicting and indefinite stipulations as to the time when the cutting of the timber should take place. But in our opinion neither position can be sustained. On authority, the land is sufficiently described to admit of parol testimony to fit the description to the property. *Ward v. Gay,* 137 N. C., 397; *Rowe v. Lumber Co.,* 133 N. C., 433; *Perry v. Scott,* 109 N. C., 374; *Eulis v. McAdams,* 108 N. C., 507.

And as to the timber, the land being properly described and identified, the descriptive words are sufficient to pass to the extent of 200,000 feet all the timber trees growing upon the said land or lying thereon in their natural state which were capable of being sawed into merchantable lumber by the mills and methods usually employed by sawmill men in that vicinity. *Wiley v. Lumber Co.,* 156 N. C., 211; *Ward v. Gay, supra; Nash v. Driscoe,* 51 N. C., 417; *U. S. v. Stones et al.,* 14 Fed., 824; *Hubbard v. Barton,* 75 Mo., 65.

On the third position, having proper regard for the rule that the intent of the parties must be gathered from the entire instrument and that each and every part should be allowed significance when this can be done by any reasonable construction (*Hendricks v. Furniture Co.,* 156 N. C., 569), we are of opinion that the defendant, the grantee in the instrument, had four years time from the date of the contract in which to enter on the land and commence cutting, and having commenced within said four years, and having given notice of his election to take the additional 100,000 feet, and tendered the money within the time, he must be allowed after the four years the reasonable time required to continue and complete the cutting of the amount stipulated for in his deed. *Bateman v. Lumber Co.,* 154 N. C., 248; *Milling Co. v. Cotton Mills,* 143 N. C., 307.

According to all the testimony, the defendant had entered and commenced cutting within the four years, to wit, some time in September, 1909, and having cut and paid for the first

100,000 feet, he gave notice within the four years of his election to take the additional 100,000 feet, and tendered the money therefor both to the executor of his grantor and several of the heirs. To the extent of the 200,000 feet, therefore—and there is no claim he has gone beyond this—defendant has only cut within the rights belonging to him by the terms of his contract, and has been properly absolved from liability to plaintiffs.

There is no error, and the judgment must be affirmed.

No error.