RALPH B. WAGNER AND EDNA E. WAGNER v. CONSOLIDATED REALTY CORPORATION, ASHEVILLE SAFE DEPOSIT COMPANY, TRUSTEE, AND REAL ESTATE TRUST COMPANY OF BALTIMORE, MARYLAND.

(Filed 29 April, 1936.)

1. **Evidence E b—Admissions in principal's letters to agent, disclosed to third party to principal's knowledge, held competent.**

   In this action by purchasers to enforce specific performance of a contract to convey, certain letters written by the vendor to its exclusive selling agents were offered in evidence. It appeared that the contents of the letters were disclosed to the purchasers with the knowledge and consent of the seller, that the purchasers and officers of the seller acted thereon, and as a result thereof met to execute the contract of sale, that the letters were written by officers of the seller having full authority to enter the contract of sale, and that the letters contained an admission by the seller of its willingness to complete the contract of sale although the purchasers had theretofore forfeited their rights under the contract by refusing to accept deed to the property during the time stipulated in the original contract for the transfer of the title. *Held:* The letters were competent and material, and were properly admitted in evidence against the seller to show a waiver by it of its right to disregard the contract for failure of the purchasers to accept deed within the time stipulated in the original contract.

2. **Appeal and Error J c—**

   Where no evidence is set forth in the record, it will be presumed on appeal that the court's finding of fact was supported by sufficient evidence.

1—210

**3. Vendor and Purchaser B a—Where vendor signifies its willingness to convey after expiration of time stipulated in the contract, purchaser has reasonable time thereafter to enforce agreement.**

Where a contract to convey stipulates that time is of the essence, and the purchasers refuse to accept deed tendered within the time stipulated, the purchasers, ordinarily, may not thereafter enforce the contract against the vendor, but where the vendor, after expiration of the stipulated time, advises its selling agents that it is ready and willing to transfer title, which information is communicated to the purchasers with the knowledge and consent of the vendor, and acted upon by the parties by meeting to execute the contract, the vendor waives its right to disregard the contract for failure of the purchasers to accept deed within the time stipulated, and the purchasers are entitled to consummate the purchase within a reasonable time thereafter.

**4. Vendor and Purchaser F a—Purchaser held not entitled to specific performance as against trustee in deed of trust executed by vendor.**

The vendor in a contract of sale acquired title at foreclosure sale of the property, and upon failure of the vendor to pay the price bid, the *cestui que trust* agreed to accept the amount agreed to be paid by the purchasers in the contract of sale. Thereafter, upon refusal of the purchasers to accept deed and pay the price agreed, the vendor executed a note secured by deed of trust to the *cestui que trust* to take up its bid at the foreclosure sale. The vendor instituted action against the purchasers to enforce specific performance, but the action was not indexed as *lis pendens*, and the vendor later abandoned its appeal from an adverse judgment upon the purchasers' agreement to accept deed, and the vendor waived the purchasers' previous breach of the contract. The vendor refused to transfer title in accordance with the supplemental agreement, and the purchasers instituted this action against the vendor and the trustee and *cestui que trust* to enforce specific performance. *Held:* The trustee and *cestui que trust* were not parties to the contract to convey and had no knowledge, actual or constructive, at the time of the execution of the deed of trust, of the supplemental agreement for the sale of the property, the vendor's action not being notice because not listed as *lis pendens* and because the purchasers did not claim any rights in the land in that action, and the purchasers are not entitled to specific performance as against the trustee and *cestui que trust* upon the supplemental contract to convey.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL from *Warlick, J.,* at June Term, 1935, of BUNCOMBE. Affirmed.

This is a civil action for specific performance of a contract of purchase and sale of real property, instituted by the plaintiffs Ralph B. Wagner and Edna E. Wagner against the Consolidated Realty Corporation (hereinafter called the Consolidated), the Asheville Safe Deposit Company (hereinafter called the Deposit Company), trustee, and the Real Estate Trust Company of Baltimore, Maryland (hereinafter called the Trust Company).

The findings of fact disclose the following:

The Trust Company held notes secured by a first lien deed of trust on the property involved and, at its request, the property was foreclosed and a trustee's deed, dated 30 April, 1933, was delivered to the purchaser, the Consolidated, and subsequently recorded 29 September, 1933.

The Consolidated, as owner, through its exclusive real estate sales agent, Carlberg & Cook, Inc., offered the property to plaintiffs for $25,000, which offer plaintiffs accepted and paid $500.00 down and entered into a written contract of sale and purchase with the Consolidated on 5 August, 1933, wherein it was agreed that payment of the balance of $24,500 should be made and deed delivered on or before 5 October, 1933, and that time was of the essence of the contract.

On 5 October, 1933, the Consolidated tendered the plaintiffs a deed and demanded payment of the balance due. The plaintiffs refused to accept the deed and to make the payment. Whereupon Consolidated, on the same day, 5 October, 1933, instituted action against the plaintiffs in the Superior Court of Buncombe County demanding specific performance. The plaintiffs herein, Wagner and wife, the defendants in said action, filed answer 2 December, 1933, and set up as a defense certain alleged misrepresentations in connection with the procurement of the contract of purchase and sale. The Consolidated demurred to the answer, and, upon demurrer being overruled, gave notice of appeal, and had case on appeal settled 6 March, 1934, but never further perfected the appeal.

When the Consolidated purchased at the foreclosure sale in April, 1933, it did not pay its bid, and later the Trust Company agreed to accept the $25,000 contracted to be paid by Wagner and wife and retire the purchase price bid at the aforesaid foreclosure sale. After Wagner had failed to pay and the Consolidated had sued for specific performance, the Consolidated executed a new note for $57,000 in lieu of said $25,000, which new note, secured by deed of trust on the property involved to the Deposit Company, trustee, was accepted by the Trust Company in payment of the notes it formerly held.

On or about 27 March, 1934, while the action instituted by the Consolidated against Wagner and his wife (the present plaintiffs) for specific performance was at issue and the Consolidated's appeal on demurrer was pending, Wagner notified the president of Carlberg & Cook, Inc., that he would comply with the contract of purchase, and Carlberg & Cook immediately notified the Consolidated, and the Consolidated, through its vice-president, Francis J. Heazel, under date of 3 April, 1936, wrote: "I am pleased to note that Mr. Wagner is now ready to complete his purchase of the Campbell property (the property involved). We are also ready to complete this transaction and to deliver to Mr.

Wagner deed to the property upon payment of the $25,000, plus interest on this amount from the date when the purchase was to be completed. I think, however, that this transaction should be completed here in Asheville. It will be necessary for us to pay some taxes that are a lien against the property, and also to cancel the existing mortgage on the property. We intend to pay the taxes and cancel the mortgage at the time of the delivery of the deed and the payment of the purchase price. No doubt, Mr. Wagner's attorneys will also desire to close the transaction here, as they can be satisfied as to the title at the time of the delivery of the deed and be in a position to record the deed so as to vest record title in Mr. Wagner immediately upon completion of the transaction. We have in our possession the papers in connection with the existing mortgage on the property and are, therefore, ready to complete this transaction at any time. If Mr. Wagner cannot find it convenient to come to Asheville to complete the transaction, I am sure that the matter can be handled for him by his attorneys here. The attorneys should be able to complete the examination of the title in a few days, and I hope, therefore, that this matter may be closed during the week." On 11 April, 1934, Mr. Heazel, in reply to letter of Mr. Carlberg, dated 6 April, wherein Carlberg stated that he had furnished Mr. Wagner a copy of Heazel's letter of 3 April, wrote: "I note that Mr. Wagner expects to be ready to close the purchase of the Campbell property on 22 April. If he finds that it will not be convenient for him to be here on the 22d, it will be entirely satisfactory for him to postpone the closing of this matter until later on in the month or the early part of May. I may not be here on the 22d, but Larry will undoubtedly be here, and the matter can be handled whenever Mr. Wagner arrives in Asheville."

The information contained in these letters was conveyed to Wagner, with the knowledge of the Consolidated, by Carlberg & Cook, the sales agents, who negotiated the sale of the property and with whom Wagner had all his dealing leading up to the signing of the contract of purchase and sale.

The plaintiffs, with the knowledge of the Consolidated, had their attorney examine the title to said property, and this attorney reported certain minor defects in the title to the Consolidated, and, on 21 April, 1934, Mr. D. H. Perry, secretary of the Consolidated, wrote Mr. Carlberg: "We wish to advise that the matter (slight discrepancies in the title to the property involved) has been discussed with Mr. DuBose in person and we feel that upon Mr. Wagner's arrival in the city Monday, 23 April, that there will be no delay in bringing the sale of the property to a conclusion." This information was communicated by Carlberg to Wagner, who thereupon came from Florida to Asheville on Sunday,

22 April, 1934, prepared to pay the balance of the purchase price with interest and take title to the property.

On 23 April, 1934, there was some controversy between counsel for the parties as to the meaning of the reference to the payment of taxes in the letter from Mr. Heazel, and during this controversy counsel for the Consolidated stated to counsel for plaintiffs, in effect, that negotiations were at an end, to which counsel for plaintiffs replied that the plaintiffs would waive the question and pay the full amount for the property and assume the payment of the taxes. On 24 April, 1934, the Consolidated, the plaintiff in the case of "Consolidated Realty Corporation *v.* Wagner and Wife," took a voluntary nonsuit in that case and paid into court the $500.00 down payment theretofore made by Wagner. Also, on 24 April, 1934, Wagner, on behalf of himself and wife, tendered the Consolidated $25,320.74 in cash, being the full amount with interest, and agreed to accept a deed for the property, subject to taxes. This tender was refused by the Consolidated, and the plaintiffs instituted this action on 26 April, 1934.

Trial by jury was waived and the court found the facts and decreed that the plaintiffs were entitled to specific performance against the Consolidated, but not against the Deposit Company, trustee, and the Trust Company. The Consolidated Realty Corporation appealed from so much of the decree as awarded the plaintiffs the right of specific performance against it, and the plaintiffs appealed from so much of said decree as denied them the relief prayed for against the Deposit Company, trustee, and the Trust Company.

*Parker, Bernard & DuBose for the plaintiffs.*
*Heazel, Shuford & Hartshorn for the defendants.*

SCHENCK, J., after stating the case: Had there been no further transactions between the plaintiffs and the appellant, the Consolidated, after the refusal of the plaintiffs to accept deed tendered by it to them, or after the plaintiffs had filed answer in the action instituted by the Consolidated against them for specific performance, the plaintiffs could not now maintain this action for specific performance. However, the plaintiffs offered in evidence certain letters tending to establish subsequent transactions between the plaintiffs and the Consolidated, these letters being from and to Francis J. Heazel and D. H. Perry, vice-president and secretary, respectively, of the Consolidated. The letters to said Heazel and Perry were from Carlberg & Cook, Inc., who, as sales agents of the Consolidated, had conducted the negotiations for the sale to the plaintiffs of the property involved.

To the introduction in evidence and consideration of these letters by the court, the Consolidated excepted. The Consolidated further excepted

to the findings of fact based upon said letters (Findings of Fact Nos. 15, 20, and 23), and to the conclusion of law based upon such findings. (Conclusion No. 1.)

The findings of fact based thereupon are supported by the letters, and the conclusions of law based thereupon are supported by the findings of fact. Therefore, the Consolidated's appeal presents the question: Were the letters competent evidence? We hold that the question should be answered in the affirmative.

All of the evidence tends to show that Francis J. Heazel was the vice-president of the Consolidated, with full authority to act for his corporation in entering into the contract of purchase and sale of the property involved, and that the same was true of D. H. Perry, secretary of the Consolidated, and the court finds, without objection, that their authority is not questioned. (Findings of Fact Nos. 17 and 18.)

These letters, together with the findings of fact to which no exceptions are taken, disclose that Carlberg & Cook, Inc., were the exclusive real property sales agents of the Consolidated, and that they communicated the contents of their correspondence with the officers of the Consolidated to the plaintiffs, with the knowledge and consent of the Consolidated, and that the plaintiffs and the officers of the Consolidated acted thereupon, and as a result thereof met in Asheville on Monday, 23 April, 1934.

These letters and the findings of fact further tend to show that after the plaintiffs had declined to accept the deed tendered to them by the Consolidated on 5 October, 1933, and had refused to comply with the original contract of purchase and sale, and had filed answer in the action by the Consolidated against them for specific performance, and while said action was pending, they, the plaintiffs, informed Carlberg & Cook that they would carry out the original contract, and that Carlberg & Cook, under date of 27 March, 1934, communicated this information to the Consolidated, and that it, through its officers (vice-president and secretary), replied that it was ready, willing, and able to carry out the contract at such time as the plaintiffs desired, and suggested that all concerned meet in Asheville on 22 April, 1934, to close the transaction; and that as a result of these letters the plaintiffs came to Asheville on Sunday, 22 April, 1934, prepared and willing to consummate the purchase of the property involved, and that, after certain negotiations on Monday, 23 April, made proper legal tender of the purchase price of $25,000.00, with interest, on 24 April, which was declined by the Consolidated. Under this factual situation the competency of the letters as evidence is manifest.

The Consolidated also assigns as error the finding of the court to the effect that Mr. Lawrence Quigley, president of the Consolidated, gave to

Mr. Bror Carlberg, president of Carlberg & Cook, Inc., on 23 April, 1934, in Asheville, a memorandum indicating the exact amount ($23,-441.66) necessary to complete the transaction, and suggested a further conference the following day, and that Carlberg communicated this information to the plaintiffs. (Finding of Fact No. 24.) This assignment states that the court erred in making this finding "for that the same was predicated upon incompetent evidence." No evidence is set forth in the record, except the memorandum itself. Therefore, it must be presumed that there was sufficient evidence to support the findings, and, under the facts found, the memorandum itself is clearly competent.

The exception of the Consolidated to the first conclusion of law "because said conclusion of law was based upon incompetent evidence, in that said conclusion of law was predicated upon Findings of Fact Nos. 15, 20, 23, and 24, and the letters therein set forth," cannot be sustained, for the reason that the exceptions to said findings of fact upon which said conclusion of law is based, as well as to the competency of the letters as hereinbefore stated, cannot be sustained.

While the original contract made time of its essence, and provided that the transaction should be consummated by 5 October, 1933, and the failure and refusal of the plaintiffs to comply therewith on or before that date, gave to the Consolidated, nothing else appearing, the right from then on to disregard the contract, still when the Consolidated, through its duly authorized officers and agents, wrote letters accepting the offer of the plaintiffs to close the sale in April, 1934, and made engagements to meet in Asheville at that time and for that purpose, it waived its right to disregard the contract on account of the former failure and refusal of the plaintiffs to close within the time named, and restored in the plaintiffs the right within a reasonable time to consummate the purchase. The findings of fact are to the effect that plaintiffs made full and proper tender at the time and place (24 April, 1934, in Asheville) fixed by the parties for the consummation of the contract.

Upon the appeal of the defendant Consolidated Realty Corporation, the judgment of the Superior Court is affirmed.

The plaintiffs appeal from so much of the decree as denies them the right to maintain an action for specific performance against the Asheville Deposit Company, trustee, and the Real Estate Trust Company of Baltimore, Maryland. They filed but one exception, and that is to the second conclusion of law, which is to the effect that the plaintiffs are not entitled to relief sought against the Deposit Company, trustee, and the Trust Company.

The findings of fact, germane to the plaintiffs' appeal, are that the Consolidated purchased the land involved at a foreclosure sale on 30 April, 1933, and registered the deed to it from the trustee on 29 September,

1933, and that this deed conveyed a valid title to the Consolidated (Finding of Fact No. 10); that on 5 October, 1933, tender of a valid deed for the property was made by the Consolidated to the plaintiffs, in accord with contract of purchase and sale entered into on 5 August, 1933, which deed was refused and contract breached by the plaintiffs, and, on the same day, suit for specific performance was instituted by the Consolidated against the plaintiffs; that on 20 October, 1933, the Consolidated executed and delivered to the Deposit Company, as trustee, a deed of trust on the property involved to secure a note held by the trust company for $57,000; and that on 26 April, 1934, this action for specific performance was instituted by the plaintiffs against the three defendants, the Consolidated, the Deposit Company, trustee, and the Trust Company.

There is no finding that either the Deposit Company, trustee, or the Trust Company, on 20 October, 1933, the date they received the deed of trust from the Consolidated, had any knowledge of the contract between the plaintiffs and the Consolidated for the purchase and sale of the property involved.    There is an affirmative finding that the Trust Company is an independent corporation with "no underlying connection in any particular with either of its codefendants" (Finding of Fact No. 22), and it appears, from the facts found, that the Deposit Company, trustee, was simply a stakeholder.

There is no finding of fact to the effect that the action for specific performance instituted by the Consolidated against the present plaintiffs on 5 October, 1933, was docketed and indexed as *lis pendens*.    However, if it be conceded that the Deposit Company, trustee, and the Trust Company had knowledge of the pendency of that action, such knowledge would not be notice of any claim by the plaintiffs, since they, as defendants in that action, were alleging and contending that the contract then in suit was obtained by misrepresentation, and was therefore void, and that no valid claim could arise therefrom.

Neither the Deposit Company, trustee, nor the Trust Company was a party to the contract sued upon in this action, and neither is fixed with any knowledge, actual or constructive, of said contract at the time the deed of trust under which they claim became effective.

Upon the facts found, to which no objections were lodged, we concur in his Honor's holding (Conclusion of Law No. 2) that the plaintiffs are not entitled to a decree of specific performance against the Deposit Company, trustee, and the Trust Company.

Upon the appeal of the plaintiffs the judgment of the Superior Court is affirmed.

Affirmed on both appeals.

DEVIN, J., took no part in the consideration or decision of this case.