GEORGE T. CHANDLER v. H. C. CAMERON, CARL CAMERON, EUGENE McLEOD, LEWIS McLEOD, AND EDWARD McLEOD.

(Filed 5 May, 1948.)

**1. Deeds § 21—**

The conveyancing of standing timber is governed by the rules applicable to the conveyancing of any other realty.

**2. Specific Performance § 1a: Vendor and Purchaser § 23—**

A written contract to convey standing timber is specifically enforceable as between the parties without registration, and after registration is specifically enforceable even against subsequent purchasers for value. G. S., 47-18.

**3. Registration § 1—**

Contracts to convey realty, including contracts to convey standing timber, are required to be registered, G. S., 47-18, but the statute does not require or authorize the registration of a mere personal contract.

**4. Registration § 4—**

Registration is constructive notice as to all instruments authorized to be registered, but is not constructive notice of provisions not coming within the registration laws, even though embodied in an instrument required to be recorded.

**5. Vendor and Purchaser § 23: Specific Performance § 1c—**

Where a tenant in common, without knowledge or authorization of his co-tenants, executes a written contract to convey standing timber on the whole tract, and later acquires title to an additional interest in the land, he is estopped, as against his vendee, from asserting the after-acquired title which is inconsistent with that which he had contracted to convey, and the vendee is entitled to specific performance under the contract as against the vendor not only as to the vendor's original interest, but as to the after-acquired interest as well.

**6. Registration § 4—**

The written contract executed by a tenant in common without the knowledge or authorization of his co-tenants, to sell the timber on the entire tract, was recorded. The tenant in common later acquired an additional interest in the land. *Held:* Registration is constructive notice to all subsequent purchasers as to the tenant's original interest, but the vendee's right to demand conveyance of the timber as to the after-acquired interest rests upon the personal contract of the vendor, which is not required to be recorded by G. S., 47-18, and therefore registration is not notice to subsequent purchasers as to such after-acquired title.

**7. Same: Estoppel § 2: Vendor and Purchaser § 23: Specific Performance § 2—**

A tenant in common, without authorization or knowledge by his co-tenants, executed a written contract to convey standing timber upon the entire land. This contract was registered. Thereafter the tenant acquired an additional interest in the land, and he and his co-tenants exe-

CHANDLER v. CAMERON.

cuted to another party deed for the timber. The grantee in the timber deed had no actual knowledge of the prior contract to convey. *Held:* As to the tenant's original interest, his vendee is entitled to specific performance as against the grantee in the timber deed, but as to the after-acquired title, the vendee is not entitled to specific performance as against the grantee.

**8. Partition § 1c (1)—**

A tenant in common, without the knowledge or authorization of his co-tenants, contracted to sell the timber on the entire tract. Thereafter he joined his co-tenants in a timber deed to another person. *Held:* Provision of the judgment that if the vendee elected to purchase the timber covered by the contract, there should be actual partition of the timber between the vendee and the grantee, is upheld. G. S., 46-25.

**9. Costs § 4d—**

Where, in a suit for injunction, one of defendants seeks affirmative relief by way of specific performance, the taxing of costs is in the discretion of the trial court since the controversy is of an equitable nature, G. S., 6-20, and the order of the court apportioning the costs will not ordinarily be disturbed on appeal upon affirmance of the judgment.

APPEAL by defendants, H. C. Cameron and Carl Cameron, from *Grady, Emergency Judge,* and a jury, at October Term, 1947, of HARNETT.

This action had its origin in a controversy between the plaintiff, George T. Chandler, and the defendant, H. C. Cameron, with respect to the ownership of the timber standing on a tract of land in Barbecue Township in Harnett County. The salient facts were established on the trial by the judicial admissions of the parties and the verdict of the jury, and are set out below.

Eugene McLeod, Lewis McLeod, Edward McLeod, Hazel McLeod, Margaret Jones, and Edna Lovett owned the tract of land in equal shares as tenants in common, subject to the unassigned dower right of their mother, Lena McLeod Gales. On 15 November, 1946, Eugene McLeod executed an unsealed contract reciting that "we do hereby sell and convey all of the timber" upon the land "to H. C. Cameron for the sum of $1,500, receipt of $1 is hereby acknowledged, the balance of $1,499 will be due and payable by H. C. Cameron upon delivery of the timber deed." This document was registered on 16 December, 1946. Its execution by Eugene McLeod was neither authorized nor ratified by Lewis McLeod, Edward McLeod, Hazel McLeod, Margaret Jones, Edna Lovett, or Lena McLeod Gales.

On 27 November, 1946, Hazel McLeod, Margaret Jones, Edna Lovett, and Lena McLeod Gales conveyed their respective interests in the land in fee simple to Eugene McLeod, Lewis McLeod, and Edward McLeod by a warranty deed, which was not registered until 15 January, 1947.

On 14 December, 1946, Eugene McLeod, Lewis McLeod, and Edward McLeod executed and delivered to the plaintiff, George T. Chandler, for a cash consideration of $1,800, a timber deed sufficient in form to vest title to all of the timber in controversy in the plaintiff, who had no personal or actual notice of the previous agreement between Eugene McLeod and the defendant, H. C. Cameron. This timber deed was registered on 18 December, 1946.

Upon the admissions and the verdict, the court below concluded that the plaintiff, George T. Chandler, owned the timber in controversy, subject, however, to the right of the defendant, H. C. Cameron, at his own election, to purchase within a specified time for the sum of $250 the undivided one-sixth interest which Eugene McLeod owned in the timber on 14 November, 1946. From judgment accordingly, the defendants, H. C. Cameron and Carl Cameron, appealed.

*Charles Ross for plaintiff, and the defendants Eugene McLeod, Lewis McLeod, and Edward McLeod, appellees.*

*M. O. Lee for defendants, H. C. Cameron and Carl Cameron, appellants.*

ERVIN, J. For convenience of narration, the defendant, H. C. Cameron, is hereinafter called Cameron, and the defendant, Eugene McLeod, is hereinafter designated as McLeod.

Standing trees are a part of the realty, and can be conveyed only by such an instrument as is sufficient to convey any other realty. *Ward v. Gay,* 137 N. C., 397, 49 S. E., 884; *Drake v. Howell,* 133 N. C., 163, 45 S. E., 539.

When he entered into the contract with McLeod, Cameron acquired the right as between himself and McLeod to compel McLeod to convey to him the undivided one-sixth interest in the timber in controversy which McLeod then owned. This is true because contracts in writing to convey interests in land are good between the parties thereto without registration. *Hargrove v. Adcock,* 111 N. C., 166, 16 S. E., 16. The Connor Act expressly provides for the registration of contracts to convey land. G. S., 47-18. When Cameron registered his contract with McLeod, he thereby established his right to receive a conveyance of the one-sixth undivided interest in the timber in controversy originally owned by McLeod even against a person thereafter purchasing such interest from McLeod for a valuable consideration. *Combes v. Adams,* 150 N. C., 64, 63 S. E., 186.

Cameron insists, however, that he is also entitled to receive a conveyance of the additional one-sixth interest in the timber in controversy subsequently acquired by McLeod under the deed from Hazel McLeod,

Margaret Jones, Edna Lovett, and Lena McLeod Gales. The basis of his claim to this after-acquired title is as follows: His contract with McLeod did not apply simply to the interest which McLeod had in the timber when the agreement was made. McLeod expressly bound himself to sell the entire timber to Cameron. As the purchaser in the contract, Cameron can demand the benefit of McLeod's after-acquired title to the additional one-sixth interest.

This position would undoubtedly be sound if this were a contest solely between Cameron and McLeod because "a vendor is estopped to acquire and assert as against his purchaser a title inconsistent with that which he has contracted to convey, and . . . a title acquired by the vendor subsequently to the contract of sale will inure to the benefit of the purchaser, the vendor being considered as holding such title as trustee for the purchaser." 66 C. J., Vendor and Purchaser, section 1031.

The question here, however, is whether or not the plaintiff, Chandler, who purchased the additional one-sixth undivided interest in the timber in controversy for a valuable consideration from McLeod, can be compelled to convey it to Cameron.

The answer to this problem hinges upon whether or not Chandler bought McLeod's after-acquired title to the additional one-sixth undivided interest with notice of the contract obligating McLeod to convey the after-acquired timber to Cameron. This is true because one purchasing property with notice that his grantor has previously "contracted to convey it to another may be compelled to perform the contract in the same manner and to the same extent as his grantor would have been liable to do had he not transferred the legal title." 49 Am. Jur., Specific Performance, section 148. See, also, *Wagner v. Realty Corporation,* 210 N. C., 1, 185 S. E., 421; *Morris v. Basnight,* 179 N. C., 298, 102 S. E., 389; *Derr v. Dellinger,* 75 N. C., 300; *Justice v. Carroll,* 57 N. C., 429.

Chandler had no personal or actual notice of the contract between Cameron and McLeod. This fact renders it unnecessary for us to consider whether or not Cameron would be precluded from relying upon actual notice to Chandler *dehors* the public record as to the existence and terms of the agreement between Cameron and McLeod under the principle that "no notice, however full or formal, will take the place of registration." *Turner v. Glenn,* 220 N. C., 620, 18 S. E. (2d), 197.

When all is said, our problem on the present record comes to this: Did Chandler take title to McLeod's after-acquired interest in the timber in controversy with constructive notice of the previous contract between Cameron and McLeod because of the record of the contract in the office of the Register of Deeds? In our judgment, a proper regard for our recording laws requires that this question be answered in the negative.

3—229

The pertinent recording act provides that "no conveyance of land, or contract to convey, or lease of land for more than three years shall be valid to pass any property, as against creditors or purchasers for a valuable consideration, from the donor, bargainor or lessor, but from the registration thereof within the county where the land lies." G. S., 47-18. The statute was enacted "for the purpose of providing a plan and a method by which an intending purchaser or encumbrancer can safely determine just what kind of a title he is in fact obtaining." 45 Am. Jur., Records and Recording Laws, section 29. Hence, the act requires recordation of all deeds, contracts to convey, and leases for more than three years affecting the title to real property. Thompson on Real Property (Perm. Ed.), Vol. 8, section 4272; *Whitehurst v. Abbott,* 225 N. C., 1, 33 S. E. (2d), 129, 159 A. L. R., 380; *Dorman v. Goodman,* 213 N. C., 406, 196 S. E., 352; *Spence v. Pottery Co.,* 185 N. C., 218, 117 S. E., 32. But the recording law neither requires nor authorizes the registration of a mere personal contract. *Tremaine v. Williams,* 144 N. C., 114, 56 S. E., 694.

The agreement between McLeod and Cameron was double-barreled. Inasmuch as it obligated McLeod to convey to Cameron the undivided one-sixth interest in the timber originally owned by McLeod, it constituted a contract to convey land within the meaning of the recording statute. G. S., 47-18. Consequently, the record gave Chandler, the subsequent purchaser, constructive notice that Cameron was entitled to receive a conveyance of the undivided one-sixth interest in the timber originally owned by McLeod. See 45 Am. Jur., Records and Recording Laws, section 87; *Tocci v. Nowfall,* 220 N. C., 550, 18 S. E. (2d), 225.

But in so far as the agreement between McLeod and Cameron purported to bind McLeod to convey the interests in the timber which he did not own, it was a mere personal contract between McLeod and Cameron not affecting the title to land, and its recordation was neither required nor authorized by the recording law. We conclude, therefore, that the registration of the agreement did not give Chandler constructive notice of the existence or terms of the purely personal contract on the part of McLeod to convey Cameron the interest in the timber which McLeod did not originally own. This is true because the record of an instrument "does not constitute constructive notice, if it is not of a class which is authorized or required by law to be recorded." 45 Am. Jur., Records and Recording Laws, section 107. See, also, in this connection: *Tremaine v. Williams, supra; McAllister v. Purcell,* 124 N. C., 262, 32 S. E., 715; *Starz v. Kirsch,* 78 Ind. App., 431, 136 N. E., 36; *Black v. Solano Co.,* 114 Cal. App., 170, 299 P., 843; *Sjoblom v. Mark,* 103 Minn., 193, 114 N. W., 746, 15 L. R. A. (N. S.), 1129. Our conclusion is not affected in any way by the fact that the contract to convey, and

the personal contract were both embodied in the same instrument because the registration of an instrument "operates as constructive notice only when the statute authorizes its registration; and then only to the extent of those provisions which are within the registration statutes." 66 C. J., Vendor and Purchaser, section 996; *Monroe v. Hamilton,* 60 Ala., 226.

The trial court properly adjudged that McLeod's after-acquired title to the additional undivided one-sixth interest inured to Chandler's benefit when the deed under which this interest passed to McLeod was registered. *Woody v. Cates,* 213 N. C., 792, 197 S. E., 561; *Bank v. Johnson,* 205 N. C., 180, 170 S. E., 658; *Door Co. v. Joyner,* 182 N. C., 518, 109 S. E., 259, 25 A. L. R., 81.

Manifestly, the statute authorizing partition sale of standing timber is permissive rather than mandatory. G. S., 46-25. The provision of the judgment for actual partition of the timber in dispute between the plaintiff and the defendant, H. C. Cameron, in the event H. C. Cameron elects to purchase the undivided one-sixth interest therein owned by Eugene McLeod on 14 November, 1946, takes into account the existing situation and protects the equities and rights of all of the parties on the present record and is upheld here.

Since the plaintiff sued herein to obtain injunctive relief against the defendants, H. C. Cameron and Carl Cameron, and since the defendant, H. C. Cameron, sought affirmative relief herein against the plaintiff and the defendants, Eugene McLeod, Lewis McLeod, and Edward McLeod, by way of specific performance, this action was of an equitable nature, and the taxation of the costs was committed by the statute to the discretion of the trial court. Consequently, the order of the court below apportioning the costs, will not be disturbed. G. S., 6-20; *Kluttz v. Allison,* 214 N. C., 379, 199 S. E., 395.

For the reasons given, we find no error in the trial below.

No error.