Pearson, J.
 

 At December Trem, 1852, it was held, that the general description in the deed, executed by plaintiff to defendant, was controlled by the particular description. So that the deed did not cover the whole lot, but left out a small triangle, which is the
 
 locus in quo.
 

 Upon the last trial, the defendant took the ground that the plaintiff had not shown title, and consequently could not recover, as he was not in the actual possession, but the Court held “ there was title by estoppel as against the defendant.” There is error.
 

 The plaintiff offered no evidence of title except a deed to himself by somebody for the whole lot. In regard to that part of the lot which is covered by the deed executed by plaintiff to the defendant, the parties are estopped. But what is there to
 
 *297
 
 create an estoppel in regard to that part of the lot which is not covered by the deed ?
 

 We might content ourselves by saying there is no case or. intimation in a text-book, that an estoppel ever extended to any thing which is not covered by the deed, out of which the estoppel grows, but it may be proper to go more fully into the subject.
 

 The plaintiff claims title to the whole lot under one deed. We suppose his Honor yielded assent to this course of reasoning. The plaintiff’s title is the same to every part of the lot. It is admitted his title to one part is good.. It follows that his title to the other part must also be good; and, extending the syllogism, the title is the same to every part of the lot; the defen-fant is estopped to deny the title as to one part, it follows that he is estopped to deny the title as to the other part.
 

 Laying no stress on the fact, that when a deed operates by estoppel, it must do so
 
 proprio
 
 vigore, and can derive no aid from a collateral fact, such as that the plaintiff claimed title to the whole under one deed, wo think it will be seen, upon a little reflection, that both of the above propositions are false.
 

 The fact that the plaintiff claimed title to the whole lot under one deed, by no means sustains the major premise; that his title is the same to every part of the lot. It may well be, that the title of the person who made the deed to the plaintiff was good as to one part of the lot, and not good as to the other. So, although the plaintiff claims the whole lot under one deed, his title may be good as to one part, and not good as to the other.
 

 If A. makes a deed to B., for a tract of 1,000 acres of land, and it be admitted that B., under that deed had acquired a good title to five hundred acres, a part thereof, it does not follow that he has a good title as to the other part. So, if B., (in the case put,) makes a deed to 0., for 500 acres, a part thereof, although there is an estoppel as to the part covered by the deed, there is no ground for an estoppel, as to the part not covered by it. It may be, he did not include the whole, because he was aware of a defect of title as to a part.
 

 
 *298
 
 We suppose bis honor made the decision before he had taken time to clear away the confusion of
 
 ideas
 
 produced by propositions which, although false, were well calculated, at first blush, to mislead.
 

 Mr.
 
 Moore
 
 yielded the position that a deed could not estop in regard to land not included in it, and pressed by the question. What is there to create an estoppel in regard to that part of the lot not covered by the deed, he says, it may be, there is no estoppel, technically speaking ? As far as we are able to apprehend the idea he intended to suggest, his answer is this: “ The defendant, upon the first trial, insisted that the deed executed by the plaintiff to him, covered the whole lot by its general discription. Failing in that, he insisted, on the second trial, that the deed covered the whole lot, because of some change that had been made in the location of Water street; and having thus, in a solemn manner, asserted that his deed covered the whole
 
 lot,
 
 which, by necessary implication, is an admission that the plaintiff, under whom he claimed, had title to the whole, he cannot be heard to say that such is not the fact; his mouth is shut; he is estopped.”
 

 Estoppels must be mutual. This is settled. That which shuts the mouth of one, shuts the mouth of the other. The plaintiff has not only been allowed to deny the allegation that his deed to the defendant covered the whole lot, but his right to recover depends (among other things) upon the fact that the deed does not cover the whole. The idea, therefore, that an estoppel or any thing in the nature of an estoppel, can grow out of the fact, that the defendant attempted to prove that his deed covered the whole lot, is out of the question. “
 
 There never is an estoppel unless
 
 both parties in a solemn manner, by word or act, agree as to a fact, and act upon such agreement, “ then neither can afterwards be heard to gainsay it.” Iredell v. Barbee, 9 Ired. 255.
 

 The parties have agreed and acted upon the fact that the plaintiff had title to the part of the lot which is covered by his deed to the defendant. As to the other part, they have not, by word or act, agreed upon any thing.
 

 
 *299
 
 We give no opinion upon the point made by the allegations of a change in the location of Water Street, because our opinion is not called for; and the point is not presented with clearness.
 

 Venire de novo.