THE BUILDERS SASH AND DOOR COMPANY v. W. D. JOYNER.

(Filed 16 November, 1921.)

1. **Deeds and Conveyances—Title by Estoppel—Feeding an Estoppel—Purchasers for Value—Notice—Registration.**

The principle upon which title by estoppel, called feeding an estoppel, is allowed where a person having no title to lands assumes to convey it by deed with warranty and thereafter acquires the title, does not prevail against that acquired by a purchaser for full value, without notice, under a prior registered conveyance of his chain of title, and such purchaser is not affected with constructive notice of deeds or claims against his immediate or other grantor prior to the time when such grantor acquired the title.

2. **Same—Equity.**

The principle upon which title by estoppel may be acquired against one conveying land by deed with warranty, at a time he had no title and has

afterwards acquired it, called feeding an estoppel, is an equitable one, not available against purchasers who have acquired the legal title by prior registered deed for value without notice. As to whether title by estoppel would prevail against one holding by a prior registered convey-ance with or without notice, *Quere?*

**3. Same—Married Women—Statutes.**

As to the doctrine of title by estoppel applying to a married woman under the provisions of C. S., 250, who has joined with her husband in a deed to his lands with warranty, the wife's interest not appearing on the face of the instrument, but which title the wife afterwards acquired, *Quere?*

APPEAL by defendant from *Calvert, J.,* at the February Term, 1921, of NASH.

Action of trespass and to remove a cloud from plaintiff's alleged title to a piece of real estate.

The court charged the jury that on the facts in evidence, if accepted by them, they would find for plaintiff. Verdict for plaintiff, and defendant excepted and appealed.

*Battle & Winslow for plaintiff.*
*E. B. Grantham for defendant.*

HOKE, J. The evidence tended to show that on 27 February, 1913, Davis conveyed the lot to Jones Smith, and it is not controverted by the parties that under this deed said Jones Smith acquired the true title. For plaintiff it is shown that on 28 February, 1913, Jones Smith and wife, Nellie Smith, conveyed the land to J. B. Ramsey to secure a debt to B. H. Bunn, said deed being duly registered in the county on 11 April, 1913, deed of foreclosure, under said deed of trust, to Mrs. Ella B. Ramsey, dated 11 December, 1914, registered 9 January, 1915; third deed of bargain and sale for value, from the purchaser, Mrs. Ella Ramsey to Nellie Smith, dated 20 August, 1917, registered 22 August, 1917, and a warranty deed from Jones Smith and wife, Nellie, to plaintiffs, dated 24 November, 1917, registered 25 January, 1918.

And for defendant:

1. Deed of bargain and sale with covenant of warranty from Jones and Nellie Smith, his wife, to William Bullock, dated 10 April, 1913, regis-tered 11 March, 1914.

2. Mortgage deed from William Bullock and wife to J. N. Bone, securing a debt, dated 10 March, 1914, registered 11 March, 1914.

3. Deed from J. N. Bone, mortgagee, to W. D. Joyner, defendant, pursuant to foreclosure under the mortgage deed, dated 10 October, 1916, registered 5 February, 1917.

There was proof also, and without contradiction, that plaintiff had acquired its title and paid for same without any actual notice and knowledge of defendant's claim, or the deeds upon which it is made to rest.

From this statement it appears that the plaintiff's claim of title rests upon a connected line of deeds beginning under a deed from the true owner, Jones Smith, duly registered in the county on 11 April, 1913, that of defendant under deeds beginning by a deed from Jones Smith and wife, with covenants of warranty, registered in the county 11 March, 1914, and plaintiff's title from the true owner having the prior registry should prevail in the case unless, as defendant contends, the title of plaintiff's immediate grantor, Nellie Smith, inured to support and validate the deed of bargain and sale, made by said Nellie Smith and her husband to William Bullock, which was registered 11 March, 1914, and passing the title from Nellie Smith *eo instanti,* that the same was subsequently acquired under the deed from Ella Ramsey, etc.

This doctrine of title by estoppel, and under which a subsequently acquired title inures to make good a former deed of the grantor, made at a time when such grantor had no title, has been approved and applied in several decisions with us, and is very generally recognized. *Hallyburton v. Slagle,* 132 N. C., 947; *Wellborn v. Finley,* 52 N. C., 228-237; *Hagensick v. Castor,* 53 Neb., 495; *Van Rensselaer v. Kearney et al.,* 52 U. S., 297-327; *Doe v. Oliver,* 2d Smith's Leading Cases, 568. The headnote in this last case thus stating the principle: "The interest when it accrues feeds the estoppel."

Whether this mode of acquiring title shall be regarded as a conveyance taking effect as of the date of the former deed, or as an equitable principle made available under common-law forms as suggested by Mr. Rawle in his valuable work on Covenants, is not a settled position. Numerous cases have undoubtedly treated it as a conveyance, but in many of them the position was recognized as necessary to enable the claimant under the former deed to properly protect the estate against the intervening acts of trespassers and others, strangers to the title; but as against purchasers of this title the better doctrine is that this mode of acquiring title rests upon equitable principles and is not available against purchasers who have acquired the legal title for value and without actual notice. Both Mr. Rawle and Mr. Bigelow, in their work on Estoppel, favor this view. Rawle on Covenants, secs. 259-265; Bigelow on Estoppel, p. 418 *et seq.,* and the same position is maintained by *Judge Hare* in his note to *Doe v. Oliver,* Smith's Leading Cases, *supra.*

Whatever may be the weight of judicial decisions on this subject, under general principles, the better considered authorities are agreed

that under and by virtue of our registration acts, the prior registry shall prevail as against a title of estoppel except as to a purchaser with notice. And in determining this question of notice, the decisions hold that a purchaser having the prior registry is not affected with constructive notice by reason of deeds or claims arising against his immediate or other grantor prior to the time when such grantor acquired the title, but the deed or instrument first registered after such acquisition shall confer the better right. *Wheeler v. Young,* 76 Connecticut, 44; *Way v. Arnold,* 18 Ga., 181-193; *Bingham v. Kirkland et al.,* 34 N. J. Eq., 229; *Calder v. Chapman,* 52 Pa. St., 359; *Ford v. Unity Church Society,* 120 Mo., 498, reported also in 23 L. R. A., 561, with an instructive note on the subject. 2 Dev. on Deeds, p. 1332.

In the construction of our registration laws, this Court has very insistently held that no notice, however full and formal, will supply the place of registration. *Dye v. Morrison,* 181 N. C., 309; *Fertilizer Co. v. Lane,* 173 N. C., 184; *Quinnerly v. Quinnerly,* 114 N. C., 145. And under such interpretation there is doubt whether this doctrine of title by estoppel would be allowed to prevail against one holding by a prior registry, whether with or without notice. In the Georgia case heretofore cited, 18 Ga., at page 193, *Judge Lumpkin* gives decided intimation that the doctrine of title by estoppel no longer prevails as against the provision and policy of our registration acts. The question, however, does not arise in this record, as all the evidence is to the effect that the plaintiff having the prior registered title, acquired the same for full value and without notice of defendant's claim.

Plaintiff contends also that the doctrine of title by estoppel does not apply to a married woman who has joined in a conveyance of her husband's land, though the deed may contain general covenants of warranty, and the wife's interest does not appear on the face of the instrument, and cites authorities which seem to favor this view. 10 R. C. L., 741, and cases cited. Under terms of the deed in this case and the broad provisions of our enabling statutes known as the Martin Act, C. S., 2507, the position may be otherwise in this jurisdiction, but we now make no definite ruling on the question, preferring to rest our decision on the right arising to plaintiff by reason of the priority of registration and the purchase without actual notice of defendant's claim.

There is no error, and the judgment for plaintiff is affirmed.

No error.