JOSEPH A. JACKSON v. THOMAS MILLS ET AL.

(Filed 21 February, 1923.)

**Deeds and Conveyances—Mortgages—Foreclosure—Estoppel—Parties— Privity—Strangers.**

The owner of lands subject to mortgage conveyed his equity to his wife and children, reserving a life estate. The mortgage was foreclosed and the purchaser subsequently conveyed the land to the original owner for a full consideration and without collusion or fraud: *Held,* when the original owner later acquired title through an independent source, there was no element of estoppel by his deed to his wife and children against his

later conveyance to another under whom plaintiff derives title; and the purchaser at the foreclosure sale was a stranger to the owner's prior conveyance to his wife and children.

APPEAL by defendant from *Connor, J.,* at January Term, 1923, of BEAUFORT.

Thomas Mills owned a tract of land subject to a deed of trust to J. H. Hodges. By deed of 1 November, 1910, Mills conveyed this property to "Cherry Mills (his wife) and the children now living, or which may hereafter be born of the said Thomas Mills and Cherry Mills," of whom there are now ten, reserving to himself a life estate. The only consideration recited in this deed is one dollar, and it contains no covenants against encumbrances and makes no mention of the outstanding Hodges mortgage. There was no actual delivery of the deed, but Mills had it put on record. Thereafter, default in payment having occurred, the Hodges mortgage or deed of trust was duly foreclosed, the land sold and conveyed to W. C. Rodman for $1,300 on 27 November, 1911. Rodman and wife then resold it to Mills for $1,325. Mills and wife, on 18 January, 1913, conveyed part of the land to Simon Hardison, who has since lived on his part; and sold and conveyed the remainder, 18 December, 1916, with full covenants and full value to a land company, who sold and conveyed it and by *mesne* conveyances it came to the plaintiff, Joseph A. Jackson, by deed dated 24 October, 1917, for full value, who has lived on the land since, and placed improvements on it, until now his total investment is $15,000.

The plaintiff having applied to a land bank for a long-time loan, was refused on the ground that he had no title, and this action was brought by him against Mills and wife and children, including those not *in esse,* to establish his right and declare his title. Mills and wife and their two oldest sons, who are of age, filed answer admitting plaintiff's right, and the minors, including those not *in esse,* represented by counsel and the guardian *ad litem,* admitted the facts above stated, but deny the conclusion of law, and assert title in themselves by way of estoppel.

The court adjudged that the plaintiff had a good title and the guardian *ad litem* appeals.

*Small, MacLean & Rodman for plaintiff.*
*John H. Bonner for guardian ad litem.*

CLARK, C. J. There is no suggestion that the foreclosure was collusive, and it is admitted that the debt subsisted and payment was in default so that when the land was sold and conveyed, Mills had done nothing and averred nothing which estops him or those claiming under

him in this proceeding. When the purchaser in the mortgage sale con-
veyed the land to Mills he acquired a title from an independent source,
for by his conveyance to his children prior to the foreclosure sale he had
conveyed nothing to them which he did not then own, and had made no
misrepresentation about the mortgage or covenant against it.

It has been well said that "There never is an estoppel unless both
parties, in a solemn manner, by deed or act, agree as to the fact and act
upon such agreement, then neither can afterwards be heard to gainsay
it." *Kissam v. Gaylord,* 46 N. C., 294; *Bryan v. Eason,* 147 N. C., 284.

True, the doctrine of estoppel has been enlarged to include deeds
without covenant or warranties, but only to the extent and for the
purpose of protecting bona fide purchasers. But it is still an equitable
doctrine, not an inflexible rule, a shield of the innocent and not a sword
for destruction. *Weston v. Lumber Co.,* 162 N. C., 165; *Lumber Co. v.
Cedar Works,* 165 N. C., 83; *Alsworth v. Cedar Co.,* 172 N. C., 17, and
*Door Co. v. Joyner,* 182 N. C., 518.

If anything was said or done by Mills to his children which should
estop him, the plaintiff Jackson was not a party to it, nor is he in privity
with them. He does not claim by, through, or under them; that is, the
children, nor as their successor. *Van Gilder v. Bullen,* 159 N. C., 291.

Assuming that the plaintiff had investigated before purchasing, he
would have found Hardison in possession of that part of the land con-
veyed to him, and Little of the remainder (the part involved in this
suit), living in the house. He would have found on the tax books the
land listed by Little and on the records he would have found the Hodges
mortgage lawfully foreclosed and several *mesne* conveyances down to
Little and wife, to whom he paid full value, $10,000. The plaintiff paid
his money, took his deed, moved to the land, improved it, paid the taxes
from year to year, and increased his investment to $15,000.

The two children who are of age disclaim any interest, and as to those
who are still minors there is no title by estoppel which should avail
against the plaintiff upon the facts of this case.

This case differs from *Hallyburton v. Slagle,* 132 N. C., 947. In that
case it was held that where a person, to defraud his creditors, conveys
land and afterwards becomes a voluntary bankrupt and the trustee in
bankruptcy in behalf of the creditors sells the land and the bankrupt,
through another, becomes purchaser, whatever title he gets by the deed
of the trustee accrues to the benefit of the original grantee. There is
nothing in this case indicating any fraud, or any intention on the part
of the grantor beyond a bona fide conveyance of all the interest he
possessed at that time.

Nor is the case of *Van Rensselaer v. Kearney,* 52 U. S., 323, in point, for that case merely holds that the deed is an estoppel upon the grantor from ever afterward denying that he was seized of the particular estate at the time of the conveyance.

In this case it is not denied that the father, at the time of the conveyance, was seized of the premises, but under proceedings in foreclosure, as to which there is no allegation or evidence tending to show collusion, the property was sold, and by subsequent conveyance the title was afterwards conveyed for value to the father, a new source of title, and by sundry subsequent *mesne* conveyances it became vested in the plaintiff for full value and without notice of any alleged defect.

Upon facts admitted or agreed, the judgment is
Affirmed.