THE CORLEY COMPANY, INC., v. A. S. GRIGGS AND WIFE, MRS. MINNIE GRIGGS.

(Filed 15 September, 1926.)

**Contracts—Rescission—Fraud—Deceit— Evidence — Presumptions — Instructions—Scienter—Appeal and Error.**

> Where fraud or deceit is set up as a defense in an action to rescind a contract for the purchase of a piano from a dealer, in the seller's action to recover the purchase price, it is required that the defendant show that the plaintiff or his sales agent knew that the false representations relied on were knowingly or recklessly made to the defendant, that they were relied on by him, and reasonably induced him, without knowledge of their falsity to enter into the contract sued on, and an instruction to the jury that leaves out the principle relating to plaintiff's scienter under these circumstances, is reversible error, to the plaintiff's prejudice.

APPEAL by plaintiff from *Grady, J.,* and a jury, at April Term, 1926, of CURRITUCK. New trial.

This was an action brought by plaintiff against the defendants for the recovery of $450, with interest, from 1 September, 1922, the price of a Schubert piano, sold and delivered to the defendants. The alleged contract of sale was admitted by defendants, but they set up the defense: "That the defendants were induced to enter into the said contract by the false and fraudulent misrepresentations of the said plaintiff, in that it was represented to them by plaintiff's agent, Butler, that the said piano which the said defendants were buying was a new one, was up-to-date in every respect; that it would play satisfactorily; that it would give the defendants satisfaction in every respect, when in fact the said piano was not a new one, but was a

second-hand, or used, piano; that it was defective in workmanship, and in the mechanical parts, all of which was well known to the plaintiff's agent when he made these representations to the defendants, and the said representations were made with the knowledge of their falsity and with the intention to deceive, ·calculated to deceive and did deceive these defendants to their injury, and by reason of the same the defendants were caused to enter into the said contract." That the representations were false. That immediately upon the discovery of the false representations made by plaintiff's agent to them they notified plaintiff to remove the piano.

In reply plaintiff denied that the defendants were induced to enter into the contract by any false or fraudulent representation of plaintiff or its agent. It denied that the piano was a used or second-hand one. It denied all the other allegations as to defective workmanship, etc. Denied that any wrong had been committed in the sale and alleged that defendants had used and operated the piano for more than two years.

The issues submitted to the jury and their answers thereto ·were as follows:

"1. Was the execution of the contract in question procured by false and fraudulent representations as alleged in the answer? Answer: Yes.

2. In what amount, if anything, are defendants indebted to the plaintiffs? Answer: ........ ......."

The evidence on the trial bore out the contentions of the respective parties.

The material assignment of error will be ·considered in the opinion.

*McMullan & Leroy* for *plaintiff.*
*Aydlett & Simpson* for *defendants.*

CLARKSON, J. The defendants set up actionable fraud or deceit to rescind the alleged contract. The only serious contention or assignment of error of plaintiff (4) is that the court below in its charge omits any reference to scienter.

The charge complained of was as follows: "It is necessary for them to show to you by the greater weight of the evidence before you can answer the issue in their favor, first, that such representations were made to them by Mr. Butler, and second, that these representations were false; third, that they relied upon these representations as being true; fourth, relying upon them to be true they purchased the instrument and executed the contract."

In *Whitehurst v. Ins. Co.,* 149 N. C., p. 276, the Court says: "And it is not always required, for the establishment of actionable fraud, that a false representation should be knowingly made. It is well recognized with us that, under certain conditions and circumstances, if a party to a bargain avers the existence of a material fact recklessly, or affirms its existence positively, when he is consciously ignorant whether it be true or false, he may be held responsible for a falsehood; and this doctrine is especially applicable when the parties to a bargain are not upon equal terms with reference to the representation, the one, for instance, being under a duty to investigate, and in a position to know the truth, and the other relying and having reasonable ground to rely upon the statements as importing verity. *Modlin v. R. R.,* 145 N. C., 218; *Ramsey v. Wallace,* 100 N. C., 75; *Cooper v. Schlesinger,* 111 U. S., 148; Pollock on Torts, 7 ed., 276; Smith on the Law of Fraud, sec. 3; Kerr on Fraud and Mistake, 68." *Unitype Co. v. Ashcraft,* 155 N. C., p. 63; *Machine Co. v. McKay,* 161 N. C., p. 584; *Simpson v. Tobacco Growers,* 190 N. C., 603; *Dunbar v. Tobacco Growers,* 190 N. C., 608; *McNair v. Finance Co.,* 191 N. C., 710.

In Pollock on the Law of Torts (1923), 12 ed., p. 283-4, the rule is well stated: "To create a right of action for deceit there must be a statement made by the defendant, or for which he is answerable as principal, and with regard to that statement all the following conditions must occur: (a) It is untrue in fact. (b) The person making the statement, or the person responsible for it, either knows it to be untrue, or is culpably ignorant (that is, recklessly and consciously ignorant) whether it be true or not. (c) It is made to the intent that the plaintiff shall act upon it, or in a manner apparently fitted to induce him to act upon it. (d) The plaintiff does act in reliance on the statement in the manner contemplated or. manifestly probable, and thereby suffers damage."

In some cases the scienter is presumed from the transaction where the seller was the inventor. *Unitype Co. v. Ashcraft, supra.* Where the seller was the manufacturer of the article. *Peebles v. Guano Co.,* 77 N. C., p. 233.

In the *Unitype Co. case, supra,* p. 67, the Court says: "It appears in this case that the false statements were made by the inventor of the machine, who must be supposed to have been fully informed as to its good and bad qualities and who must, therefore, have made the representations knowing them to be false. It was so expressly held in *Peebles v. Guano Co.,* 77 N. C., 233. The plaintiff in this case is a corporation and the manufacturer of the machine, and therefore what is said in the *Peebles case* is clearly pertinent to the facts as

presented in the record: 'It is said that the jury have not found that the representations were fraudulent, but only that they were false, and without fraud, the action cannot be maintained. If we consider the action as for the deceit, this objection would be unanswerable if the defendant was the seller only, and not also the manufacturer of the article. It is difficult to conceive how a manufacturer of guano can make a representation concerning the substance of which it is composed, which is false, and not also fraudulent, in the sense that it was knowingly false. If his servants employed in the manufacture, on any occasion by negligence, or wilfully, omitted to put in the valuable ingredients without the knowledge or connivance of the manufacturer, it would free his false representation from immorality, but he must in law be held equally liable for the acts of his servants, and he cannot be held innocent of a moral fraud, if after being informed of the omission he seeks to take advantage of it by demanding for a spurious and worthless article the price of the genuine one. We think that on the facts found by the jury the plaintiff was entitled to damages.' "

In Pollock, *supra,* p. 289, it is said: "The Supreme Court of the United States said (in *Lehigh Zinc and Iron Co. v. Bamford* (1893), 150 U. S., 665, 673), that 'a person who makes representations of material facts, assuming or intending to convey the impression that he has adequate knowledge of the existence of such facts, when he is conscious that he has no such knowledge,' is answerable as if he actually knew them to be false—which is admitted everywhere—and then went on to say that vendor or lessor may be held guilty of deceit by reason of material, untrue representations 'in respect of his own business or property, the truth of which representations the vendor or lessor is bound and must be presumed to know.' "

In the instant case the plaintiff, the seller of the Schubert piano, through his agent Butler, was not the maker.

It may be noted that defendants in their answer allege scienter "all of which was well known to the plaintiff's agent when he made these representations to the defendants and the said representations were made with the knowledge of their falsity," etc.

From the record the evidence was sufficient to be submitted to the jury.

For the reasons given, there must be a

New trial.