SARA C. G. BECHTEL v. JOHN N. BOHANNON AND WIFE, MARY W. BOHANNON, B. B. BIBLE AND HIS WIFE, MARY BIBLE, AND KESTER WALTON, TRUSTEE.

(Filed 28 May, 1930.)

1. **Pleadings D a—Demurrer should not be sustained where plaintiff is entitled to any relief upon the complaint.**

A demurrer *ore tenus* to a complaint should not be sustained if upon the facts alleged in the complaint the plaintiff is entitled to any relief as a matter of law. C. S., 518.

2. **Cancellation of Instruments A b—Grantee is not entitled to set aside deed for misrepresentations as to encumbrances made to another.**

The purchaser of lands at a foreclosure sale of a mortgage may not have his deed set aside for fraudulent representations as to encumbrances

made to the mortgagee by the mortgagor, in order to be entitled to such relief it is required that he allege that such representations were made to him with the intent that he should rely thereon.

3. **Deeds and Conveyances O f—Grantor covenanting against encumbrances is estopped from setting up claim against purchaser from grantee.**

Where the grantor of lands covenants in his deed that the title is free and clear from encumbrances he is estopped from setting up a prior mortgage lien thereon in his own favor as against his grantee or those claiming under him, and a demurrer to the complaint of the purchaser from the grantee alleging these facts should be overruled, and the plaintiff is entitled to have the grantor permanently restrained from enforcing his lien and have the lien removed as a cloud upon his title in the event of a verdict in his favor. C. S., 1743.

APPEAL by plaintiff from *Finley, J.,* at December Term, 1929, of BUNCOMBE. Reversed.

From judgment dismissing the action, plaintiff appealed to the Supreme Court.

*Joseph W. Little for plaintiff.*
*A. A. Whitener and Louis A. Whitener for defendants.*

CONNOR, J. After answer filed, setting up defenses to plaintiff's recovery in this action on the merits, defendants demurred *ore tenus* to the complaint, for that the facts stated therein are not sufficient to constitute a cause of action. Upon the hearing, the demurrer was sustained. C. S., 518. From judgment dismissing the action, plaintiff appealed to this Court. If upon the facts alleged in the complaint, plaintiff is entitled, as a matter of law, to any relief, the judgment must be reversed. *S. v. Trust Co.,* 192 N. C., 246, 134 S. E., 656.

Plaintiff has failed to state in her complaint facts sufficient to constitute a cause of action upon which she is entitled to recover of defendant for false and fraudulent representations with respect to the title to the land described in the complaint. She alleges that the defendant, John N. Bohannon, falsely and fraudulently represented to John A. Bechtel, her husband, that the land described in the complaint was free and clear of encumbrances. This representation was made, however, to the said John A. Bechtel as an officer and agent of the LaFayette Development Company, a corporation, during negotiations between the said John N. Bohannon and the said John A. Bechtel resulting in the sale and conveyance of the said land by the defendants, John N. Bohannon and his wife, and B. B. Bible and his wife, to the LaFayette Development Company. Plaintiff thereafter purchased the land at a foreclosure sale made by the trustee in a deed of trust by which the said LaFayette

Development Company had conveyed the said land to secure the payment of certain indebtedness. She does not allege that any representations were made to her or to any one acting in her behalf, by the defendants or by any one of them with respect to encumbrances on the land, at the time she purchased the same at the sale made by the trustee. Defendants are not liable to plaintiff because of representations alleged to have been made to John A. Bechtel while he was acting as an officer and agent of the LaFayette Development Company, although these representations were thereafter communicated by the said John A. Bechtel to the plaintiff, prior to her purchase of the land. An essential element of a cause of action for the recovery of damages for false and fraudulent representations is that the representations alleged to be false and fraudulent were made with intent that the plaintiff shall act upon them. *Corley Co. v. Griggs,* 192 N. C., 171, 134 S. E., 406. In the absence of an allegation that the representations were made by the defendant with intent that plaintiff shall act upon them, the complaint is subject to demurrer on the ground that the facts stated therein are not sufficient to constitute a cause of action.

However, in her complaint, plaintiff alleges that in their deed conveying the land to the LaFayette Development Company, the defendants, John Bohannon and B. B. Bible, covenanted with the said company, its successors and assigns that the said land was then free and clear of encumbrances. At the date of said deed, there was on record a deed of trust executed by the defendant, B. B. Bible, conveying to the defendant, Kester Walton, trustee, an undivided one-half interest in said land to secure the payment of a note payable to the defendant, John N. Bohannon. By virtue of said deed of trust, the said John N. Bohannon had a lien on said land for the payment of said note. Having covenanted in his deed to the LaFayette Development Company that the land conveyed thereby was free and clear of encumbrances, the defendant, John N. Bohannon, is estopped as against the plaintiff, who is now the owner of the land, claiming under the LaFayette Development Company, to assert that he has a lien on the land for the payment of his note. Upon the facts alleged in the complaint and admitted by the demurrer, plaintiff is entitled to judgment that the defendant, John N. Bohannon, be permanently enjoined and restrained from causing the land to be sold under the power of sale contained in the deed of trust to the defendant, Kester Walton, trustee, or from otherwise causing said land to be sold for the payment of his note. The said deed of trust is a cloud upon the title of the plaintiff to said land, which she is entitled to have removed. C. S., 1743. *Plotkin v. Bank,* 188 N. C., 711, 125 S. E., 541.

"A grantor of land with full covenants of warranty is estopped to claim any interest in the granted premises. And where he holds a prior

mortgage on the premises, he can assert no rights as mortgagee against his grantee." 10 R. C. L., p. 677, and cases cited in the notes.

The judgment sustaining the demurrer and dismissing the action is reversed, to the end that the action may be tried on the issues arising upon the complaint and answer. Whether defendants are entitled to an order, as prayed for in their answer, that John A. Bechtel and the LaFayette Development Company be made parties plaintiff in this action is not presented on this appeal. We hold only that there was error in the judgment sustaining the demurrer and dismissing the action. For this error the judgment is

Reversed.