THOMAS D. COOPER, RECEIVER, v. NORTH CAROLINA BANK
AND TRUST COMPANY.

(Filed 6 May, 1931.)

**Appeal and Error K a—Where all parties necessary to final adjudication have not been joined the cause will be remanded.**

Where an appeal presents the question of the priority of deeds, mortgages and deeds of trust, but it appears that all parties having an interest in the subject-matter are not before the court, the cause will be remanded in order that they may be made parties to the action, and the judgment of the court below will be vacated without prejudice.

CIVIL ACTION, before *Frizelle, J.,* at February Term, 1931, of ALA-MANCE.

This is a controversy without action. The plaintiff is receiver of the Piedmont Trust Company.

The facts set out are substantially as follows:

(1) Carroll, Long and Ward, commissioners, duly sold the land in controversy to Real Estate Investment Company, a corporation in Alamance County. This deed was dated 12 March, 1921, but not recorded until 17 May, 1922.

(2) The Real Estate Investment Company sold the land to Lewey by deed recorded 27 April, 1921.

(3) Lewey and wife executed a deed of trust to Piedmont Trust Company, trustee, to secure notes aggregating $14,500. This deed of trust was filed for registration 27 April, 1921.

(4) Lewey and wife reconveyed the land to Real Estate Investment Company by deed recorded 27 March, 1922.

(5) Real Estate Investment Company executed a deed of trust upon the land to Alamance Insurance and Real Estate Company, trustee, to secure bonds in the sum of $10,000. This deed of trust was filed for registration on 23 October, 1924.

(6) Alamance Insurance and Real Estate Company, trustee, after due advertisement, sold the land under power contained in the deed of trust and executed a deed as trustee to George C. Sharpe. This trustee's deed was filed for registration on 22 September, 1925.

(7) Sharpe and wife reconveyed the property to Alamance Insurance and Real Estate Company by deed filed for registration 4 November, 1925. Thereafter the plaintiff, receiver of Piedmont Trust Company, acting as substituted trustee in the deed of trust from Lewey to Piedmont Trust Company, recorded 27 April, 1921, duly sold the land at public auction in accordance with the power contained in the deed of trust, and the defendant, North Carolina Bank and Trust Company, purchased the land for the sum of $2,700. It was understood at the sale that the plaintiff, receiver, as trustee, was undertaking to sell the land under the first deed of trust and therefore to convey a fee simple title to the purchaser free and clear of encumbrance. When the plaintiff tendered the deed to the defendant it refused to accept it upon the ground that the deed of trust under which the sale was made was not the first deed of trust, contending that the deed of trust of Real Estate Investment Company to Alamance Insurance and Real Estate Company, trustee, securing notes for $10,000 and recorded 23 October, 1924, was a prior lien upon the property, and hence the deed from the plaintiff, receiver of Piedmont Trust Company, trustee, did not convey a good and indefeasible title to the defendant.

From the foregoing judgment the plaintiff appealed.

*J. Dolph Long for plaintiff.*
*E. S. W. Dameron for defendant.*

BROGDEN, J. Is a purchaser of real estate affected with notice upon the registration, indexing and cross-indexing of deeds and deeds of trust executed by the grantor and recorded, indexed and cross-indexed prior to the registration, indexing and cross-indexing of the deed under which the grantor holds title?

An examination of the agreed facts discloses that the Real Estate Investment Company received a deed for property, dated 12 March, 1921, but not recorded until 17 May, 1922. Before recording its deed it sold the land to Lewey by deed duly recorded, and Lewey executed a deed of trust to Piedmont Trust Company to secure notes for $14,500, which deed of trust was duly recorded, and thereafter Lewey reconveyed to the Real Estate Investment Company by deed recorded 27 March, 1922. Subsequently the Real Estate Investment Company duly executed a deed of trust to Alamance Insurance and Real Estate Company, trustee, to secure notes aggregating $10,000. This deed of trust was recorded 23 October, 1924. Therefore, when the Alamance Insurance and Real Estate Company, trustee, prepared to take a deed of trust to secure notes for $10,000 on the property the records would have disclosed that the mortgagor, Real Estate Investment Company, had acquired the property on 17 May, 1922, because that was the date of registration of its deed. The question is, was the Alamance Insurance and Real Estate Company, trustee, affected with notice of the prior deed of trust upon the land to Piedmont Trust Company, trustee, securing notes for $14,500, which was recorded prior to the recording of the deed of its grantor?

Upon the facts presented, the plaintiff contends that when the Real Estate Investment Company recorded its deed on 17 May, 1922, the principle of estoppel applied so as to vitalize the recording of all instruments affecting the title prior to 17 May, 1922. The defendant contends that the Alamance Insurance and Real Estate Company was not required to examine recorded instruments, affecting the title, prior to the time of the recording of the deed of its grantor, to wit, on 17 May, 1922. The contentions so made are discussed in *Door Co. v. Joyner,* 182 N. C., 518; 25 A. L. R., 83, and *Whitehurst v. Garrett,* 196 N. C., 154. See, also, *West v. Jackson,* 198 N. C., 693.

The question presented is important, but a decision thereof upon the present condition of the record would not terminate the litigation or adjudicate the rights of all parties concerned for the reason that all parties having an interest in the subject-matter of the litigation are not before the court. Wherefore, the cause is remanded to the Superior Court of Alamance County to the end that all persons having an interest in the controversy may be made parties; and in order that all parties may be heard upon the merits, the judgment is vacated without prejudice.

Remanded.