FEDERAL LAND BANK OF COLUMBIA, A CORPORATION, v. Z. M. JOHNSON AND WIFE, EFFIE G. JOHNSON, L. P. DENNING, EASTERN NEWS PUBLISHING COMPANY, BENSON DRUG COMPANY, INCORPORATED; J. B. FAIRCLOTH, H. E. PERRY, TRUSTEE, AND VIRGINIA-CAROLINA CHEMICAL CORPORATION.

(Filed 20 September, 1933.)

Mortgages C c—Title by estoppel will not prevail against purchaser without notice having prior registry—title acquired through independent source.

S., the owner of lands in fee, mortgaged same to F., and thereafter conveyed the lands to C. by deed in which C. assumed the mortgage debt. C. sold the lands to J. by deed warranting the title against all encumbrances and J. executed a purchase money deed of trust in C.'s favor containing like warranty. The notes secured by this deed of trust were purchased by defendant. The mortgage from S. to F. was foreclosed and the lands bought in by J. at the sale. J. executed a mortgage to plaintiff. Plaintiff seeks to have its mortgage declared a first lien and to have the lands sold by decree. Defendant claims a prior lien by estoppel on the ground that J.'s title acquired at the foreclosure of the F. mortgage was an after-acquired title which inured to his benefit as the holder of the notes executed by J. to C. secured by mortgage warranting the lands free from encumbrances. J. claims no interest in the land under her deed

from C. *Held*, plaintiff's mortgage constituted a prior lien and plaintiff was entitled to a decree of foreclosure, since, under our registration laws, prior registry prevails against a title by estoppel except as to purchasers with notice of deeds or claims against their grantor subsequent to their grantor's acquisition of title, and feeding the estoppel does not apply where the grantor afterwards acquires title through an independent source.

CIVIL ACTION, before *Grady, J.,* 8 October, 1932. From JOHNSTON. The findings of fact are as follows:

1. "On 1 January, 1919, J. C. Jones, being the owner in fee of 84.32 acres of land in Johnston County, executed a deed of trust thereon, his wife joining him, to Frederick Frelinghuysen, trustee, for the purpose of securing the payment of $2,500, with interest, payable to the Prudential Life Insurance Company. This deed of trust covers the lands in controversy, the same being a tract of 26.15 acres, a part of the 84.32-acre tract.

"Said deed of trust was filed and recorded in Johnston County on 18 January, 1919, Book 9, p. 134.

2. "On 15 December, 1919, J. C. Jones and wife conveyed their equity of redemption in said 84.32-acre tract of land to the Commercial Land Company, by warranty deed, with the following exceptions: 'Except an encumbrance which is now against said premises in the sum of $3,500, which said Commercial Land Company, Incorporated, has assumed and obligated to pay.' Said deed was filed and recorded on 18 December, 1919, Book 66, page 369, of Johnston County registry. The encumbrances referred to in said exception were the Frelinghuysen deed of trust, and another deed of trust to E. P. Spruill, trustee, securing the sum of $1,000 due to Rocky Mount Savings and Trust Company, dated 1 January, 1919, and recorded in Book 42, page 552, of said registry.

3. "On 16 December, 1919, the Commercial Land Company, by deed with full covenants of warranty and seizin, and against encumbrances, conveyed a part of said lands, containing 26.15 acres to Z. M. Johnson, by deed recorded in Book 94, at page 370, of Johnston County registry; the warranty clause being as follows: 'And the said Commercial Land Company covenants with the said Z. M. Johnson, his heirs and assigns, that it is seized of said premises in fee simple, that the same are free and clear from all encumbrances, and that it will forever warrant and will forever defend the title to the same against the claims of all persons whomsoever.'

4. "On the same date, to wit, 16 December, 1919, Z. M. Johnson and wife, Effie G. Johnson, executed and delivered to Commercial Land Company their three purchase money notes, under seal, each in the sum of $1,063.98, due in one, two and three years from date, and also executed a deed of trust to J. D. Newsome, conveying to him the said 26.15-

acre tract of land as security for said three notes; and in said deed of trust it was covenanted that said lands were free of encumbrances. Said deed of trust appears of record in Book 73, page 58, of Johnston County registry, and was filed and recorded on 2 January, 1920.

5. "Said three notes and deed of trust, referred to in article 4 hereof, were purchased by defendant, L. P. Denning, before maturity, for value, and without any notice of defects therein, other than what the records of Johnston County would disclose; and in January, 1922, said Denning brought suit on said notes and deed of trust in Johnston County Superior Court, against Johnson and wife, and secured judgment against them for the full amount due on said notes, and a decree of foreclosure was entered. This judgment was for $3,191.94, with interest and costs; a commissioner was appointed to sell the land, but said judgment has never been paid or executed. See Judgment Docket No. 12, page 112.

6. "Prior to 19 June, 1922, the Commercial Land Company conveyed 34.21 acres of said 84.32-acre tract to Y. W. Wood by warranty deed, covenanting against encumbrances, leaving 27 acres of said 84.32-acre tract unsold. On 19 June, 1922, Frederick Frelinghuysen, trustee, having been requested to do so by the holders of the notes referred to in article 1 hereof, and after due advertisement, foreclosed said deed of trust, and the entire tract of 84.32 acres was bid in and conveyed to Y. W. Wood and Effie G. Johnson, wife of Z. M. Johnson, but Johnson transferred his bid to his wife, and the deed was made to her by the trustee; see register's office of Johnston County, Book 111, page 499. Said deed was filed for registration 22 June, 1922.

7. "On 13 June, 1922, Z. M. Johnson and wife, Effie G. Johnson borrowed certain moneys from the Farmers Commercial Bank, and secured said loan by mortgage deed on the 84.32-acre tract of land, purchased by them under the Frelinghuysen foreclosure. Said mortgage deed is recorded in Book 115, at page 37, of the register's office of Johnston County; and the money thus borrowed was applied towards the payment to Frelinghuysen for said 84.32-acre tract of land, which included the 26.15-acre tract in controversy. On 13 June, 1922, Y. W. Wood and wife executed to Effie G. Johnson a quit-claim deed for a one-half undivided interest in and to the 26.15-acre tract of land, and Z. M. Johnson and wife quit-claimed to Y. W. Wood a tract of 34.21 acres of said large tract, said deeds being properly recorded in Johnston County. This left of the 84.32-acre tract 27 acres, which belonged to Y. W. Wood and Effie G. Johnson as tenants in common. It is admitted that this 27-acre tract is worth $3,307.50.

8. "On 6 July, 1922, Z. M. Johnson and wife, Effie G. Johnson, borrowed from the plaintiff Land Bank the sum of $3,800, represented by notes under seal, and secured the same by mortgage deed to the plaintiff

on 93.15 acres of land in Johnston County, which 93.15-acre tract embraces and includes the 26.15-acre tract in controversy. Said mortgage appears of record in Book of Mortgages No. 108, page 51, of Johnston County registry. The moneys borrowed from the plaintiff by Johnson and wife were used in paying off and discharging the mortgage debt to the Farmers Commercial Bank, referred to in the 7th finding of fact, in the sum of $1,745.75.

"None of the defendants filed answer to the complaint except defendant Denning; and as to those who have not answered, the plaintiff is entitled to judgment by default final.

"The plaintiff claims to hold a prior lien upon the 26.15-acre tract of land under the Frelinghuysen foreclosure, upon the grounds that Denning, assignee of Commercial Land Company (and who stands in its shoes, so far as this action is concerned), is estopped by the record to claim a prior lien upon said tract of land.

"The plaintiff's mortgage deed carries full covenants of warranty and seizin, and against encumbrances. The legal title to the land was in the trustee, Frelinghuysen. The Commercial Land Company took nothing but an equity of redemption, and at the same time contracted to pay the debt secured by the Frelinghuysen deed of trust. Denning can hold no better title than his grantor. The Commercial Land Company failed and refused to pay off the encumbrances which it had obligated to satisfy; but, in violation of the contract, attempted to convey the lands in question to Z. M. Johnson by warranty deed, containing covenants against encumbrances. It took from Z. M. Johnson and wife a purchase money deed of trust, containing like covenants against encumbrances. Effie G. Johnson purchased the outstanding title which was in Frelinghuysen, trustee.

"The Commercial Land Company had knowledge of the Frelinghuysen deed of trust, and its assignee, Denning, was charged with notice of that fact. The records of the county disclosed the true title to be in Frelinghuysen, trustee."

Upon the foregoing facts the trial judge was of the opinion that the plaintiff "has a first lien upon the 26.15-acre tract of land in controversy, and that the defendant Denning's lien upon said land is secondary only; and it is, therefore, ordered and adjudged that the plaintiff be, and it is hereby permitted, authorized and directed to proceed to foreclose its mortgage deed upon the lands described in the complaint; and it is adjudged that none of the defendants has, or can claim any lien upon the same which is prior to that of the plaintiff."

From judgment so rendered the defendant Denning appealed.

*James D. Parker for plaintiff.*
*Ezra Parker for defendant, Denning.*

BROGDEN, J. The deed of trust to Frelinghuysen, trustee, was a first lien upon the whole property. This lien was properly foreclosed. Consequently, the purchaser at such sale, nothing else appearing, acquired a fee-simple title, unaffected by subsequent encumbrances. Hence, as the defendant Denning held no security but a junior lien, his security disappeared, as there is no evidence and no finding that any surplus resulted from the sale.

Denning, however, contends and asserts that Effie Johnson and her husband, Z. M. Johnson, executed purchase money notes to the Commercial Land Company, which said notes are now owned by him and secured by a deed of trust to Newsome, trustee, reciting that the lands were free from encumbrance, and that when Effie Johnson became the purchaser of the property upon the sale under the first lien by Frelinghuysen, trustee, that the title she acquired at such sale inured to the benefit of the trustee in the deed of trust securing the payment of the Denning notes, by way of feeding the estoppel. The legal support for such view is found in many decisions in this State. Quoting from 10 R. C. L., p. 677, this Court in *Bechtel v. Bohannon,* 198 N. C., 730, 153 S. E., 316, said: "A grantor of land with full covenants of warranty is estopped to claim any interest in the granted premises. And where he holds a prior mortgage on the premises, he can assert no rights as mortgagee against his grantee." *Hallyburton v. Slagle,* 132 N. C., 947, 44 S. E., 655; *James v. Griffin,* 192 N. C., 285, 134 S. E., 849.

In the present case, however, it is to be noted that Effie Johnson and Z. M. Johnson, her husband, grantors in the deed of trust securing Denning's notes, claim no interest in the land. Furthermore, the governing principles of law are stated in *Door Co. v. Joyner,* 182 N. C., 518, 109 S. E., 259, as follows: "Whatever may be the weight of judicial decisions on this subject, under general principles, the better considered authorities are agreed that under and by virtue of our registration acts, the prior registry shall prevail as against a title of estoppel except as to a purchaser with notice. And in determining this question of notice, the decisions hold that a purchaser having the prior registry is not affected with constructive notice by reason of deeds or claims arising against his immediate or other grantor prior to the time when such grantor acquired the title, but the deed or instrument first registered after such acquisition shall confer the better right." Indeed, in the *Joyner case, supra,* it was strongly intimated by *Justice Hoke* that the doctrine of title by estoppel cannot prevail against the registration law. Moreover, in *Jackson v. Mills,* 185 N. C., 53, 115 S. E., 881, it was held that the principle of title by estoppel or feeding the estoppel had no application in cases where the grantor afterwards acquired title through an independent source. See Annotation *Martin v. Raleigh State Bank,* 51

A. L. R., 442, *et seq.; Huzzey v. Hefferman,* 9 N. E., 570; *U. S. National Bank v. Miller,* 58 A. L. R., 339, 25 A. L. R., 81.

In the final analysis the plaintiff acquired title through a sale duly made in accordance with the power contained in a first lien upon the land, and the decisions of *Door Co. v. Joyner* and *Jackson v. Mills, supra,* fully support the judgment entered by the trial judge.

Affirmed.